UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NANCY DAVIS, | ) | CIV. 06-5005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JOANNE B. BARNHART, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Nancy Davis (the Claimant) seeks review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits [doc. #15]. The Claimant requests the Court issue an immediate order granting benefits without remand of this matter to the Commissioner.

## I. FACTS AND PROCEDURAL HISTORY

The relevant facts of this case are largely undisputed. The Claimant was born on February 19, 1943. Administrative Record ("AR") 162. She has more than a high school education, including one-and-a-half years of college. AR 163. The Claimant has worked primarily as a motel desk clerk in the past. AR 18, 164.

The Claimant filed a previous application for Disability Insurance Benefits under Title II of the Social Security Act (the Act) in 2001, claiming a disability onset date of June 15, 2000. AR 44-45. This application was denied initially, upon reconsideration, and by Administrative Law Judge (ALJ) Larry Donovan after a hearing. ALJ Donovan's unfavorable decision was

issued on August 21, 2002.  AR 15.  After her appeal to the Appeals Council was denied, the Claimant filed a civil action in this Court, which affirmed the Commissioner's decision.  AR 15.  Thus, the earliest onset date that may be considered for the Claimant's current disability claim is August 22, 2002, the day after ALJ Donovan's ruling.  AR 15.

The Claimant filed her second application for Disability Insurance Benefits under Title II on October 29, 2002, alleging disability since August 22, 2002, based on back pain, pain radiating down her left leg, a ruptured disc in her neck, and carpal tunnel syndrome.  AR 15, 52.  The claim initially was denied on December 11, 2002, and was denied on reconsideration on January 2, 2003.  AR 15.  The Claimant filed a request for a hearing on February 11, 2003, and ALJ James Olson conducted a hearing on July 10, 2003.  AR 15, 59, 159.  The Claimant and vocational expert (VE) William J. Tysdal testified at the hearing.  AR 15, 159-90.

On September 24, 2003, ALJ Olson issued a Decision, concluding 1) the Claimant had not engaged in substantial gainful activity since the alleged onset of disability; 2) she had impairments considered "severe" under the regulations; 3) her impairments did not meet or equal those listed in the regulations; 4) her allegations regarding her limitations were not totally credible; 5) she retained a residual functional capacity (RFC) for sedentary work; 6) she was unable to perform her past relevant work; 7) she is an "individual of advanced age"; 8) she has more than a high school or equivalent education; 9) she has transferable skills from semi-skilled work that she previously performed; 10) although her exertional limitations do not allow her to perform the full range of sedentary work, a significant number of jobs exist in the national economy that she could perform; and 11) she therefore was not under a disability, as defined by the Act, at any time through the date of the decision.  AR 20-21.

In his Decision, although "[i]t appear[ed] that the claimant is still capable of performing her past relevant work," ALJ Olson "gave her the benefit of doubt and continue[d] on with step 5 of the sequential evaluation."[1] AR 18-19. ALJ Olson's Decision was based, in part, on Tysdal's classification of the Claimant's past job as being "light semi-skilled under DOT 238.367.038." AR 18. Based on Tysdal's testimony, ALJ Olson found that, given the Claimant's work restrictions, she was "capable of making a vocational adjustment to other work," specifically as a reservations agent, a semi-skilled sedentary job with 20,000 jobs available nationally and 150 available regionally. AR 19-20. A review of the hearing transcript reveals that ALJ Olson asked Tysdal, "Does the desk clerk job engender skills which transfer to sedentary work?" AR 187. Tysdal responded, "There are a couple of sedentary--one sedentary job that I can think of," which was that of a "reservations agent." AR 187. When ALJ Olson asked Tysdal about the "vocational adjustment involved in moving from a desk clerk to a reservation agent," Tysdal responded that "there would be a moderate amount of adjustment." AR 188. Soon thereafter, ALJ Olson asked, "So there would be a moderate vocational adjustment. Would it be because of the change of industry?" AR 188. Tysdal responded, "The change of industry. And just generally by the work fields or the type of work that is performed is done on the computer eight-hours a day and on the telephone eight hours a day." AR 189.

---

[1] The five steps consist of a determination, which can be summarized as follows: 1) whether the claimant conducts work for substantial gain, 2) whether the claimant has a severe impairment, defined as one that significantly limits the ability to perform basic work-related functions, 3) whether the impairment equals or exceeds impairments listed in the applicable regulations, 4) whether the claimant can perform his past relevant work, and, if not, 5) whether there exist other jobs in substantial numbers available for a person of the claimant's limitations. 20 C.F.R. § 404.1520(a)(4).

The Claimant requested review of the Decision on November 14, 2003. On December 13, 2005, the Appeals Council denied the request for review, making the ALJ's ruling the final decision of the Commissioner. The Claimant then filed the instant action, seeking judicial review of the Commissioner's decision.

## II.  STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). To determine whether existing evidence is substantial, the Court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). However, a reviewing court may not reverse the decision of the Commissioner simply because substantial evidence exists in the record to support a contrary outcome. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). If the ALJ's decision is supported by substantial evidence, this Court may not reverse the decision of the ALJ even if the Court would have decided the case differently. See Smith v. Shalala, 987 F.2d 1371,1374 (8th Cir.1993). "If, after review, [the Court] find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the denial of benefits." Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001) (quoting Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996)).

### III.  DISCUSSION

The issue before the Court is whether substantial evidence supports ALJ Olson's conclusion at step 5 of the sequential analysis, which mandates analysis of whether there exist other jobs in substantial numbers available for a person with the Claimant's limitations.  See 20 C.F.R. § 404.1520(a)(4).  The burden of proof is on the Commissioner at this fifth step.  Kelley v. Callahan, 133 F.3d 583, 588 (8th Cir. 1998).  Because the Claimant is of advanced age and ALJ Olson found she is limited to sedentary work, an additional regulation regarding transferability of skills comes into play: "If you [the Claimant] are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make *very little, if any, vocational adjustment* in terms of tools, work processes, work settings, or the industry."  20 C.F.R. § 404.1568(d)(4) (emphasis added); see also 20 C.F.R. Part 404, Subpt. P, App. 2, Rules 201.00(f), 201.07, 202.00(f).  Advanced age, under these regulations, is considered to be age 55 or older.  Naber v. Shalala, 22 F.3d 186, 187 (8th Cir. 1994).  The Tenth Circuit Court of Appeals has observed that "where a claimant of advanced age is concerned, we review the record for specific findings identifying the claimant's acquired job skills and the positions to which those skills are easily transferable."  Nielson v. Sullivan, 992 F.2d 1118, 1121 (10th Cir. 1993).

The Claimant argues she is disabled under the Medical Vocational Guidelines, or "Grids," pointing to Rule 201.07 of those Grids.  Specifically, the Claimant cites Tysdal's testimony, in which he stated that the Claimant's job as a desk clerk gave her skills that would transfer to the sedentary position of reservations agent with a "moderate amount" of vocational

adjustment. The Claimant contends that, under Rule 201.07, the Commissioner must prove by vocational testimony that the skills are transferrable "with very little, if any, vocational adjustment," and that the testimony that a "moderate amount" of adjustment would be required means the Commissioner had failed to meet its burden to prove the Claimant's skills were transferrable. Thus, because she is disabled under Rule 201.07, the Claimant requests an order granting her benefits without remand, citing authority permitting the Court to so order benefits without remanding the case.

The Commissioner argues the decision that the Claimant was not disabled was supported by substantial evidence. The Commissioner addresses the relevant issue in this case on page 12. There, the Commissioner argues that Tysdal's statement, that the Claimant would need a "moderate amount" of vocational adjustment, taken in the context of the hearing, has substantially the same meaning as the requirement that the skills be transferrable with "very little" adjustment. The Commissioner concludes by stating that, even if ALJ Olson erred in accepting Tysdal's testimony about the vocational adjustment required, the error was harmless.

The Court concludes Tysdal's testimony does not support ALJ Olson's finding at step 5. ALJ Olson's question to Tysdal did not ask specifically about the standard, "very little, if any," with regard to vocational adjustment, nor did Tysdal specifically direct his answer toward that standard. ALJ Olson made no finding that the Claimant would require "very little, if any, vocational adjustment" to become a reservations agent. Tysdal did not further define specifically what was meant by a "moderate amount" of adjustment, at least in the context of the applicable standard. Thus, the record does not support ALJ Olson's conclusion that the Claimant was not disabled for purposes of social security disability benefits. Nor does the record "convincingly

establish[] disability," which would be necessary in order for the Court to order benefits without remand.  See Cline v. Sullivan, 9393 F.2d 560, 569 (8th Cir. 1991).  Accordingly, the Court must remand this matter to the Commissioner for further determination regarding the transferability of the Claimant's skills and whether vocational adjustment is required for her to perform the identified job or other like jobs in the national and regional economies.

## IV.  CONCLUSION

Tysdal's testimony does not constitute substantial evidence in the record as a whole that the Claimant could make the transition to reservations agent with "very little, if any, vocational adjustment."  Such a finding is required, given ALJ Olson's rulings at the other steps of the sequential analysis.  Thus, this matter must be remanded for further findings regarding the amount of vocational adjustment that would be required for the Claimant to work as a reservations agent or other similar jobs in the national and regional economies.  Accordingly, it is hereby

ORDERED that this matter is REMANDED to the Commissioner for further consideration consistent with this opinion.

Dated this 4th day of January, 2007.

> BY THE COURT:
>
> /s/ *Andrew W. Bogue*
> ANDREW W. BOGUE
> SENIOR DISTRICT JUDGE